# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| IN RE: ROPER BROTHERS LUMBER COMPANY, INCORPORATED, <br> Debtor. <br> EIN: 54-0363050 | Case No. 09-38215-KRH <br> Chapter 11 |

## MOTION OF DEBTOR FOR ORDER AUTHORIZING DEBTOR TO SELL PROPERTY OF THE ESTATE AND TO REDUCE APPLICABLE NOTICE PERIODS RELATED THERETO

Roper Brothers Lumber Company, Incorporated, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by counsel, hereby moves this Court for entry of an order pursuant to §§ 363(b) and 363(f) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 6003, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Bankruptcy Rules 6004-1 and 9013-1, authorizing the Debtor to sell property of the estate free and clear of all liens, claims, encumbrances and interests, with such liens, claims, encumbrances and interests to attach to the proceeds of such sale. In support of this Motion, the Debtor relies upon the Declaration of John Kauzlarich in Support of Chapter 11 Petition and First Day Pleadings (the "Declaration"), filed concurrently herewith. In further support, the Debtor respectfully states as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this case and this motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Debtor

2. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 363(b) and 363(f). Such relief is warranted pursuant to Bankruptcy Rule 6003, 6004 and 9014, and Local Bankruptcy Rules 6004-1 and 9013-1.

**Background**

3. On December 16, 2009, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The factual background regarding the Debtor, its business operations, and the events leading to the filing of this bankruptcy case are set forth in detail in the Declaration.

4. The Debtor continues to manage and operate its business as debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

5. No trustee, examiner, or committees have been appointed or designated in this case.

**Relief Requested**

6. By this Motion, the Debtor requests that this Court enter an order authorizing Debtor to sell property of the estate, specifically inventory, outside of the ordinary course of business free and clear of all liens, claim, encumbrances and interests, with such liens, claims, encumbrances and interests to attach to the proceeds of such sale.

**Basis for Relief**

7. The Debtor was in the business of maintaining and selling stock and custom inventory of building materials. The Debtor would sell its stock inventory to customers on a cost plus basis and would take custom orders for specific non-standard items and sell such items on a cost plus basis. The Debtor's primary customers were custom home builders, but the Debtor also

sold to large, production builders. Prepetition the Debtor's sales were generally on credit terms after a customer qualified for such credit through an approval process with the Debtor.

8. On December 11, 2009, the Debtor ceased normal business operations and terminated all but a skeletal staff necessary to liquidate the Debtor's current assets. The Debtor has retained two employees at each branch location as well as key corporate employees to facilitate the liquidation of inventory on an expedited basis. The Debtor therefore deems any post-petition sale to be outside the ordinary course of business.

9. In order to complete a fast-track liquidation of the company's assets, the Debtor is seeking authority to sell inventory out of the ordinary course of business as soon as possible. Numerous potential buyers have already sought, and continue to seek, the opportunity to visit the Debtor's locations and obtain due diligence information in anticipation of sales of inventory.

10. Specifically, the Debtor is seeking authority to conduct sales of inventory outside of the ordinary course as set forth herein for a period of six (6) weeks, after which any remaining inventory will be sold at auction or to a lot purchaser. Concurrently, the Debtor will pursue and conduct due diligence related to any other possible sales of all or a portion of the company or its assets. The Debtor will seek separate Court approval of any auction, sale to lot purchaser, or other sale of assets or the company.

11. With respect to inventory sales outside of the ordinary course, the Debtor seeks authority to conduct such sales on a "cash and carry" and "as is, where is" basis. The Debtor anticipates there will be four main channels through which it will sell its inventory: vendors (repurchasing their own inventory), competitors, lumber yards, and bulk purchasers. In addition, the Debtor is contacting all special order buyers to encourage them to pickup in-stock special orders. However, the Debtor will review any offers from other interested channels.

12. For all sales, the Debtor will accept cash, cashiers checks, and credit cards as payment for the sales. In addition, the Debtor will consider short term credit on an ad hoc basis for customers who have already approved for credit or can pass the company's standard credit approval process.

13. In order to effectively market and negotiate sales, the Debtor seeks authority to evaluate and accept or reject each offer to purchase stock and/or custom inventory pursuant to its business judgment without a minimum value. The Debtor's long history in the market provides it with the knowledge and expertise to be able to effectively and efficiently evaluate each offer.

14. The inventory of the Debtor is subject to the properly perfected secured interest of Wells Fargo Bank, N.A. ("Wells Fargo"). Wells Fargo has consented to the Debtor's proposed liquidation of its inventory pursuant to the terms and conditions set forth herein. The Debtor seeks the authority to sell the inventory out of the ordinary course of business free and clear of all liens, claim, encumbrances and interests, with such liens, claims, encumbrances and interests to attach to the proceeds of such sale pursuant to Bankruptcy Code § 363(f)(2). The proceeds of all sales of inventory will be placed, pursuant to the Debtor's cash management system, into an account maintained at Wells Fargo as part of its cash collateral.

15. In the days leading up to and after the Petition Date, the Debtor had a high level of interest in its inventory. In order to obtain the highest and best offers and sales values for its inventory, it is essential that the Debtor be able to begin to negotiate and finalize sales as soon as possible. In addition, the immediate implementation of the liquidation of its assets is necessary to meet the Debtor's obligations under its agreement for the consent to liquidate its assets and for the use of its cash collateral with its secured lender, Wells Fargo. If the Debtor is not able to

begin the immediate liquidation of inventory, there will be immediate and irreparable harm to the Debtor's estate.

16. For the reasons stated hereon, the Debtor submits that the cause exists for granting the relief requested herein.

## Notice

17. Notice of this Motion will be given to: (i) the Office of the United States Trustee for the Eastern District of Virginia; (ii) the Debtor's top twenty (20) largest unsecured creditors; (iii) counsel to Wells Fargo Bank N.A.; and (iv) any parties having filed a Rule 2002 Notice of Appearance. The Debtor submits that, under the circumstances, no other or further notice of the Motion is required.

## Waiver of Memorandum of Law

18. Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Motion and all applicable authority is set forth in the Motion, the Debtor requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

## No Prior Request

19. No previous request for the relief sought in this Motion has been made to this Court or any other Court.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an Order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the Motion and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: December 20, 2009 | DURRETTEBRADSHAW PLC |
| | /s/ Elizabeth L. Gunn |
| | Roy M. Terry, Jr. VSB No. 17764 |
| | John C. Smith, VSB No. 44556 |
| | Elizabeth L. Gunn, VSB No. 71044 |
| | DurretteBradshaw PLC |
| | 600 East Main Street, 20th Floor |
| | Richmond, Virginia 23219 |
| | Telephone: (804) 775-6900 |
| | Proposed Counsel for Debtor |