UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

IN RE: ROPER BROTHERS LUMBER           Case No. 09-38215-KRH
COMPANY, INCORPORATED,                  Chapter 11
                Debtor.

## APPLICATION OF DEBTOR FOR AUTHORITY TO EMPLOY FINANCIAL ADVISORS

Roper Brothers Lumber Company, Incorporated, the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by counsel, hereby moves this Court for entry of an order pursuant to §§ 105, 327(a), 328(a) and 1107 of title 11 of the United States Code (the "Bankruptcy Code"), Federal Rules of Bankruptcy Procedure 2014(a), and Local Bankruptcy Rule 2014-1, for authority to employ Protiviti, Inc. ("Protiviti") as financial advisors for the Debtor effective as of the date of the filing of this bankruptcy case December 16, 2009, (the "Petition Date"), and in support thereof states as follows:

### Jurisdiction And Venue

1.      This Court has jurisdiction to consider this application under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper under 28 U.S.C. §§ 1408 and 1409.

2.      The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105, 327(a), 328(a) and 1107, and Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Proposed Counsel for Roper Brothers Lumber Company, Incorporated

**Background**

3. On December 16, 2009, the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4. The Debtor continues to manage and operate its business as a debtor-in-possession in accordance with Bankruptcy Code §§ 1107 and 1108.

5. On January 4, 2010, the Office of the United States Trustee for the Eastern District of Virginia appointed a statutory committee of unsecured creditors.

6. To date, no trustee or examiner has been appointed in this case.

7. Debtor, headquartered in Petersburg, Virginia, was engaged primarily in the business of selling lumber and related building materials to home builders and commercial contractors throughout Virginia and North Carolina. After operating for more than 100 years, debtor terminated operations effective December 11, 2009.

8. Debtor has filed under Chapter 11 of the Bankruptcy Code as part of its efforts to liquidate in an efficient and effective manner.

**Relief Requested**

9. By this Application, the Debtor seeks entry of an order authorizing the employment and retention of Protiviti as its financial advisor and consultant in this case, effective as of the Petition Date.

**Basis for Relief**

10. The Debtor is familiar with the professional standing and reputation of Protiviti. Among other things, the Debtor understands that Protiviti has a wealth of experience in providing financial advisory and consulting services in corporate liquidations and enjoys an excellent reputation for services it has rendered in chapter 11 cases through the United States.

11. The Debtor has caused to be filed herewith an affidavit of Guy Davis (the "Davis Affidavit"), which is expressly incorporated by reference herein.

12. Protiviti commenced its engagement with Debtor on or about December 12, 2009 pursuant to an engagement letter (the "Engagement Letter"), a copy of which is attached to the Davis Affidavit as Exhibit 1A. Pursuant to the Engagement Letter, the Debtor retained Protiviti to provide financial advisory and consulting services.

13. Since the time Protiviti was engaged by the Debtor, Protiviti and the Debtor have worked closely with respect to the matters set forth in the Engagement Letter. Protiviti has assisted the Debtor in pre-petition liquidation efforts and preparation of the Debtor's bankruptcy schedules and statements.

14. Debtor believes that Protiviti has developed a great deal of knowledge regarding the Debtor's books, records, financial information and other data maintained by the Debtor. The Debtor believes that the services of Protiviti will be critical to the Debtor's efforts to maximize the value of its estate upon liquidation. The Debtor further believes that Protiviti is well qualified to represent the Debtor in a cost-effective, efficient and timely manner.

15. Accordingly, Debtor wishes to retain Protiviti to provide assistance during this bankruptcy case pursuant to the terms of the Engagement Letter.

## Scope of Services

16. Pursuant to the terms of the Engagement Letter, Protiviti has provided, is providing and will continue to provide such services as Protiviti and the Debtor deem appropriate and feasible in order to advise the Debtor, which may include but not be limited to the following:

    (a) Provide Bankruptcy Financial Advisory Services as needed;

    (b) Review and revise 13-week cash flow projections and portfolio valuations;

    (c) Assist with Bankruptcy Schedules and Statement of Financial Affairs

(d) Provide accounting department with assistance and guidance regarding Chapter 11 protocols and policies;

(e) Assist with creditor communications and negotiations and utility deposits;

(f) Interface with creditor groups;

(g) Review staffing and needs;

(h) Assist with an orderly liquidation of assets;

(i) Assist with the wind down of the Debtor's estate;

(j) Assist with/prepare Monthly Operating Reports;

(k) Assist with post-petition case management;

(l) Assist Debtor's IT in preserving data and accessing data as necessary;

(m) Assist counsel in preparing evidence and rendering testimony as needed to address contested motions;

(n) Assist with Chapter 11 plan formulation and preparation of Disclosure Statement;

(o) Accumulate, reconcile, and adjudicate claims filed;

(p) Assist with claims disbursement; and

(q) Provide analytical support and testimony, as required, for recovery actions.

### Disinterestedness

17. Protiviti has informed the Debtor that, except as may be set forth in the Davis Affidavit, it does not represent any interest adverse to the Debtor with respect to the matters on which it is to be employed, is otherwise "disinterested" with respect to debtor within the meaning of Bankruptcy Code § 101(14), and does not have any connection with Debtor, its creditors or any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

18. Protiviti has further informed the Debtor that it will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new

material facts, connections or relationships are discovered or arise, Protiviti will supplement its disclosure to the Court.

19. Protiviti has also agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with this case.

20. The Debtor believes that Protiviti is not owed any amounts with respect to its prepetition fees and expenses.

**Terms of Retention**

21. The Debtor understands that Protiviti intends to apply to the Court for allowances of compensation and reimbursement of expenses for financial advisory and consulting services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding Local Bankruptcy Rules, orders of the Court, and guidelines established by the United States Trustee. The customary hourly rates, subject to periodic adjustment, charged by Protiviti's professionals anticipated to be assigned to this case are as follows:

| Level | Billing Rate[1] |
|---|---|
| Managing Director | $470 - 530 |
| Director/Associate Director | $310 - 450 |
| Senior Manager / Manager | $260 - 330 |
| Other Professionals | $150 - 250 |
| Administrative | $90 |

22. Protiviti received from the Debtor a retainer in the amount of $75,000 prior to the Petition Date.

**Notice**

23. Notice of this Motion will be given to all parties entitled to notice pursuant to the Order Establishing Certain Notice, Case Management, and Administrative Procedures (Docket No.

41). The Debtor submits that, under the circumstances, no other or further notice of the Motion is required.

### Waiver of Memorandum of Law

24.     Pursuant to Local Bankruptcy Rule 9013-1(G), and because there are no novel issues of law presented in the Application and all applicable authority is set forth in the Application, the Debtor requests that the requirement that all motions be accompanied by a separate written memorandum of law be waived.

### No Prior Request

25.     No previous request for the relief sought in this Application has been made to this Court or any other Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an order, substantially in the form annexed hereto as Exhibit B, granting the relief requested in the Application and granting such other and further relief as may appear just and proper.

Dated:  January 6, 2010                                        Roper Brothers Lumber Company, Incorporated
                                                                                       By Counsel


/s/ John C. Smith
Roy M. Terry, Jr. VSB No. 17764
John C. Smith, VSB No. 44556
Elizabeth L. Gunn, VSB No. 71044
DurretteBradshaw PLC
600 East Main Street, 20th Floor
Richmond, Virginia 23219
Telephone: (804) 775-6900
Counsel for Roper Brothers Lumber Company, Incorporated

F:\R\Roper Brothers Lumber\Applications to Employ\Protiviti Inc\Motion to employ Protiviti v1.2.doc

---

[1] Protiviti periodically adjusts its rates.